## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | :: | |
| | :: | |
| | :: | CRIMINAL CASE NO. |
| v. | :: | 3:19-cr-00008-TCB-RGV |
| | :: | |
| | :: | |
| JAY DIAMOND, *also known as* | :: | |
| Larry Allen Dilleshaw | :: | |

### MAGISTRATE JUDGE'S REPORT, RECOMMENDATION, AND ORDER

Defendant Jay Diamond ("Diamond") is charged in a two-count superseding indictment with falsely assuming and pretending to be an officer and employee of the United States and acting as such in an attempt to avoid receiving a traffic citation for speeding and to avoid being arrested for falsely impersonating a federal officer during a traffic stop, in violation of 18 U.S.C. § 912. [Doc. 37].[1] Diamond has filed a motion to exclude or suppress statements he made to law enforcement upon his arrest, [Doc. 16], and the Court conducted an evidentiary hearing on the

---

[1] The listed document and page numbers in citations to the record refer to the document and page numbers shown on the Adobe file reader linked to the Court's electronic filing database, CM/ECF.

motion on November 19, 2019, see [Doc. 48].[2] After the evidentiary hearing, the parties filed post-hearing briefs, [Docs. 51 & 52], in which Diamond argues for suppression of particular statements that the government asserts it does not intend to use at trial. For the reasons that follow, it is **RECOMMENDED** that the pending motion, [Doc. 16], be **DENIED** as **MOOT**.

Diamond moves to suppress and exclude from trial certain statements he made following his arrest by deputies of the Troup County Sheriff's Office at the scene of a traffic stop on August 23, 2018, and two statements he made to federal law enforcement agents following his arrest upon the warrant issued when the original indictment was returned in this case. See [Doc. 51]. Specifically, in his post-hearing brief, Diamond seeks to suppress statements he made on August 23, 2018, from the point when he was arrested by Troup County Deputy Baker to the point when Troup County Deputy Richardson read him his *Miranda*[3] rights,[4] [id. at

---

[2] See [Doc. 50] for the transcript of the evidentiary hearing, which will be referred to hereinafter as "(Tr. at ___)." The government submitted exhibits at the hearing, which will be referred to as "(Gov. Ex. ___)."

[3] See *Miranda v. Arizona*, 384 U.S. 436 (1966).

[4] Diamond identifies the portion of the recording of the traffic stop from Gov. Ex. 1 that he seeks to suppress as running from timestamp 16:46 to 20:52, [Doc. 51 at 5], but the government points out that "it appears that the pre-*Miranda* conversation timeframe that [Diamond] seeks to suppress is actually 16:46 to 20:38

5-7], as well as the following two statements he made after being arrested on May 1, 2019, to Homeland Security Office of Inspector General Special Agents Jerry Coleman and Edward Kleppinger at the sally port of the Atlanta Detention Center: (1) "You never read me my Miranda rights" and (2) "No, I've probably already said enough," [id. at 2-5].[5] In its post-hearing brief, the government does not concede that any of the statements were the product of interrogation or obtained in violation of Miranda, but asserts that it does not intend to present the challenged statements to the jury as evidence, and therefore, Diamond's motion should be denied as moot. See [Doc. 52].[6] Since the government will not be presenting the challenged statements during its case-in-chief at trial, Diamond's motion to suppress and exclude these statements is moot, and it is **RECOMMENDED** that the pending motion, [Doc. 16], be **DENIED** as **MOOT**. See United States v.

---

(not 16:46 to 20:52)." [Doc. 52 at 4].

[5] Diamond contends that these statements were elicited by interrogation or its functional equivalent after his arrest and prior to being advised of his Miranda rights on both occasions. [Doc. 51 at 4-7].

[6] The government also points out that Diamond has not challenged the voluntariness of the statements in his post-hearing brief, and it reserves the right to use the statements for impeachment if necessary. [Doc. 52 at 3 n.1, 4 n.2].

Campbell, Criminal Action No. 1:17-CR-00207-CAP-CMS-3, 2018 WL 5619388, at *1 (N.D. Ga. Oct. 30, 2018).

There are no other motions pending before the Magistrate Judge, and the undersigned is aware of no problems relating to the scheduling of the trial. Accordingly, **IT IS ORDERED** and **ADJUDGED** that this action be, and the same is hereby, declared **CERTIFIED READY FOR TRIAL**.

**IT IS SO RECOMMENDED** and **ORDERED**, this 6th day of February, 2020.

_____
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE